UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

REBECCA L. RUSSELL,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-413

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff eligible for just a closed period of Disability Insurance Benefits ("DIB"), *i.e.*, February 1, 2013 through October 1, 2014, and not disabled thereafter. This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), Plaintiff's reply (doc. 10), the administrative record (doc. 6),[2] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed an application for DIB asserting disability as of February 1, 2013 as a result of a number of impairments including, *inter alia*, degenerative disc disease of the lumbar spine with residuals from surgery. PageID 264-72.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ George D. McHugh on June 11, 2015. PageID 68-111. Plaintiff was found disabled under the Social Security Act beginning February 1, 2013. PageID 30-33, 43-50, 52-53. The ALJ found, however, that Plaintiff's condition significantly improved thereafter, and she was no longer disabled as of October 2, 2014. PageID 52-53. As a result, the ALJ awarded DIB for the closed period of February 1, 2013 through October 1, 2014. PageID 53. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work[3] from October 2, 2014 onward, "there were jobs in that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" PageID 53-60.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's DIB award for the closed period in question (and non-disability finding as of October 2, 2014) the final administrative decision of the Commissioner. PageID 30-33. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.  Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 43-60), Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), and Plaintiff's reply (doc. 10). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

**II.**

**A.    Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.    "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging

in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ: (1) improperly weighed the medical source opinions of treating physicians Anthony Jacob, M.D.[4] and Teresita Cruz, M.D.; (2) erred in concluding that her conditions had medically improved; (3) failed to adequately consider her obesity; and (4) improperly evaluated her credibility. Doc. 8 at PageID 824-35.

---

[4] Although Dr. Jacob's opinion was rendered on June 10, 2015 -- one day prior to the administrative hearing -- the ALJ considered Dr. Jacob's findings in his analysis.

4

Finding error in the weighing of Dr. Jacob's opinion, the Court does not address Plaintiff's remaining alleged errors.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

On June 10, 2015 (*i.e.*, one day prior to the administrative hearing), Dr. Jacob assessed Plaintiff's work-related limitations and concluded that she was limited to lifting up to 10 pounds occasionally; could never bend, squat, crawl, or climb; could never push/pull; could stand/walk with a walker up to one-half to two hours per day; and could sit two and one-half to four hours per day. PageID 800. Dr. Jacob also opined that Plaintiff was unable to perform sedentary or light work. PageID 801. The ALJ found Dr. Jacob's opinion -- rendering Plaintiff "unemployable" -- was not entitled to controlling, or even deferential weight. PageID 58. Further, the ALJ assigned Dr. Jacob's other opinions "little weight." PageID 58.

With regard to Dr. Jacob's opinion -- that Plaintiff cannot perform sedentary or light work -- the ALJ properly weighed the opinion and provided a meaningful explanation for not relying on it. PageID 57-58. A medical source's opinion that a claimant is disabled -- including

6

the opinion of a treating medical source such as Dr. Jacob -- is an issue "reserved to the Commissioner" and not entitled to "any special significance." 20 C.F.R. § 404.1527(d)(1).

While such an opinion must be considered, *see* SSR 96-5p, 1996 WL 374183, at *2-3 (1996), the ALJ did so in this case. *See id.* Thus, the ALJ followed the regulations in considering the portion of Dr. Jacob's opinion discussing sedentary or light work, and his conclusion concerning such opinion is supported by substantial evidence.

However, with regard to Dr. Jacob's more specific assessment of Plaintiff's workplace limitations, the undersigned finds the reasons provided by the ALJ for rejecting Dr. Jacob's opinion unsupported by substantial evidence. As noted, the ALJ concluded that Dr. Jacob's opinions were entitled to "little weight." PageID 58. In so concluding, the ALJ found that Dr. Jacob's opinions were "inconsistent with the medical evidence"; that "these reports were produced only one day prior to the hearing"; and Dr. Jacob "relied on [Plaintiff's] subjective allegations of pain." PageID 58.

As a rule, the ALJ must build an accurate and logical bridge between the medical evidence and his or her disability finding. *Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011). Thus, "an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes." *Bailey v. Commissioner of Social Security*, 173 F.3d 428 (6th Cir. 1999). *See also Hurst v. Sec. of Health and Human Services*, 753 F.2d 517, 518 (6th Cir. 1985) (articulation of reasons for disability decision essential to meaningful appellate review); SSR 82-62, at *4 (1982).

In concluding that Dr. Jacob's opinion is "inconsistent with the medical evidence," the ALJ fails to provide any specific rationale in support of his conclusion. PageID 58. Rather, the ALJ simply states that "physical therapy provided good results when she attended"; "after [physical therapy] there is little treatment such as injection therapy or additional physical

7

therapy"; and that Plaintiff "demurred on further injection therapy and wanted only medications." *Id.* Here, the ALJ's evaluation of Dr. Jacob's findings does not build an accurate and logical bridge between that medical record and the ALJ's conclusion that Plaintiff was not disabled from October 2, 2014 onward. Absent further explanation by the ALJ, his conclusion regarding the Dr. Jacob's opinion is unsupported by substantial evidence and merits reversal.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Here, while evidence of disability appears overwhelming, further factual issues must be resolved -- such as Plaintiff's RFC with appropriate limitations to accommodate neuropathy in his hands and feet; and whether or not sufficient jobs exist in the national economy that he can perform. Accordingly, a Sentence Four remand for further proceedings is necessary.

**V.**

**IT IS THEREFORE RECOMMENDED THAT**:

1. The non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:   January 17, 2018                               s/ Michael J. Newman
                                                                       Michael J. Newman
                                                                       United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).